PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-MC-00099-MCE-EFB |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $9,000.00 IN U.S. CURRENCY, and | |
| APPROXIMATELY $8,980.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On February 7, 2019, inspectors with the United States Postal Inspection Service ("USPIS") seized Approximately $9,000.00 in U.S. Currency and Approximately $8,980.00 in U.S. Currency (hereafter "defendant currency") during a parcel interdiction at a U.S. Post Office in Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about April 4, 2019, USPIS received claims from Dustin Forkell ("Forkell" or "claimant") asserting an ownership interest in the defendant currency.

3.  The United States represents that it could show at a forfeiture trial that on January 23, 2019, USPIS conducted parcel interdictions at a U.S. Post Office in Sacramento, California. During the interdictions, law enforcement officials identified parcels that bore markers consistent with parcels used for shipping contraband. Priority Mail parcels # EM 080155437 (Parcel #1) and # EM 080155437 (Parcel #2) were both addressed to Jade Arroyo ("Arroyo") at 1911 Douglas Blvd., Suite 85-248, Roseville, CA 95661, with the following return address: Dustin Forkell at 341 Longridge Ave, Rochester, NY 14616

4.  The United States represents that it could further show at a forfeiture trial that the parcels were presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics on both parcels.

5.  The United States represents that it could further show at a forfeiture trial that on or about January 23, 2019, law enforcement searched a law enforcement database to search for the sender address that appeared on both Priority Mail parcels. Law enforcement databases were unable to identify Forkell associated with the return address at 341 Longridge Ave, Rochester, NY 14616. Law enforcement databases were also unable to associate Arroyo with the recipient address at 1911 Douglas Blvd., Suite 85-248, Roseville, CA 95661. The personal mailbox application for the recipient address listed Arroyo under the business name "Next Level Labs". Next Level Labs is a business associated with creating and producing cannabis extract products. On January 23, 2019, law enforcement attempted to contact Arroyo at the phone number listed on the mailbox application. Law enforcement spoke with a female who identified herself as Jade Arroyo. Arroyo stated that she didn't know Forkell, wasn't expecting the parcels, and was going to call her attorney before giving consent to open the parcels. Law enforcement was contacted by attorney Mark Reichel, who stated that he represented Arroyo and would be filing a claim for the money inside the parcels. On January 28 and 29, 2019, law enforcement attempted to contact Forkell, but were unsuccessful.

6.  The United States represents that it could further show at a forfeiture trial that on February 7, 2019, law enforcement obtained search warrants and seized the contents of both parcels. Inside Parcel #1 was a blue notebook heavily wrapped in plastic wrap which contained, within the pages, cash totaling $9,000.00. The currency consisted mainly of $20 bills, making up $7,380.00 of the

total $9,000.00.  Inside Parcel #2 was a green notebook heavily wrapped in plastic wrap which contained, within the pages, cash totaling $8,980.00.  The currency consisted mainly of $20 bills, making up $7,500.00 of the total $8,980.00.  The packages did not contain any notes, receipts, or instructions.

7. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Forkell acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, Approximately $9,000.00 in U.S. Currency and $3,980.00 of the Approximately $8,980.00 in U.S. Currency, together with any interest that may have accrued on the total amounts seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

///

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $5,000.00 of the Approximately $8,980.00 in U.S. Currency shall be returned to claimant Dustin Forkell through his attorney Mark J. Reichel.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated:  November 8, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE